**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON**

**RANDY L. THORNTON,**

**Petitioner,**

**v.** **Case No. 2:12-cv-00245**
**Case No. 2:04-cr-00225**

**UNITED STATES OF AMERICA,**

**Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

On February 3, 2012, Petitioner filed what he entitled a "Writ of Error of Coram Nobis 28 U.S.C. 1651 The Federal All Writs Act" (ECF No. 115), in which he seeks an Order to have his $5,000 fine (1) set aside, (2) expunged or (3) dismissed, and further requests his release from custody "based upon all facts set forth within Randy Thornton's Instant All Writs Act, 28 U.S.C. 1651." (*Id.* at 3.)

## STANDARD OF REVIEW

The writ of error coram nobis derives from British common law. Judgments before the king's bench that were erroneous in matters of fact could be reversed through use of the writ, which, translated, means "before us." 3 WILLIAM BLACKSTONE, COMMENTARIES, *406 n.5. At common law, the writ was issued out of chancery; however, "the procedure by motion in the case is now the accepted American practice." *United States v. Morgan*, 346 U.S. 502, 506 n.4 (1954).

In American legal proceedings, the writ is not specifically authorized by statute, but instead derives from the all-writs provision of the Judicial Code. *Id.* at 506. That

provision, 28 U.S.C. § 1651(a), provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." While its validity had at one point become unclear, use of the writ in criminal cases was endorsed by the Supreme Court in *Morgan*; Justice Minton tartly noted in his dissent in that decision that the majority had "resurrecte[d]" the writ "from ... limbo." *Morgan*, 346 U.S. at 513 (Minton, J., dissenting). However, in its rejuvenation of the writ, the majority cautioned that "[c]ontinuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice," *id.* at 511, and that "coram nobis [only] included errors 'of the most fundamental character'" *id.* at 512 (quoting *United States v. Mayer*, 235 U.S. 55, 69 (1914)). More recently, it has been described as "an extraordinary tool to correct a legal or factual error." *United States v. Denedo*, 129 S. Ct. 2213, 2221 (2009).

In the Fourth Circuit, four criteria apparently must be met before relief under the writ is appropriate: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." *United States v. Mandel*, 862 F.2d 1067, 1077 (4th Cir 1988) (Hall, J., dissenting) (citing *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987)). However, other lower courts use varying standards for determining when a grant of the writ is appropriate. *See, e.g., United States v. Kwan*, 407 F.3d 1005, 1011 (9th Cir. 2005) (same); *United States v. Novak*, No. 98-1444, 1999 WL 357846, at *2 (2d Cir. May 26, 1999) ("To obtain coram nobis relief, [the petitioner]

must show (1) that he is suffering continuing legal consequences from his conviction, (2) that cause exists for his failure to seek appropriate earlier relief, and (3) that he will be prejudiced by a denial of the relief sought because his convictions were unjust."); *United States v. Bruno*, 903 F.2d 393, 396 (5th Cir. 1990) (grant of coram nobis relief conditioned upon petitioner's "establish[ing] both that he is suffering civil disabilities as a consequence of the criminal conviction and that the error involved in his conviction is 'of the most fundamental character'--that is, error that has resulted in a complete miscarriage of justice"); *United States v. Barber*, 881 F.2d 345, 348 (7th Cir. 1989) (petitioner seeking writ of error coram nobis must establish that "(1) the claim could not have been raised on direct appeal; (2) the claimed error is a defect of a type that sap[s] the proceeding of any validity; (3) the conviction produced lingering and still extant collateral civil disabilities; and (4) the error is of a type that would have justified relief during the term of imprisonment") (internal quotation omitted).

The Petitioner is serving a sentence of 262 months of imprisonment, followed by a 5-year term of supervised release, after having been found guilty by a jury of two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1). (Judgment in a Criminal Case, ECF No. 88.) The petitioner was also sentenced to pay a $200 special assessment, and a $5,000 fine, which is the subject of the instant petition. The petitioner appealed his conviction and sentence to the United States Court of Appeals for the Fourth Circuit, raising five grounds for relief, none of which concerned his fine. His judgment was affirmed in an unpublished opinion on December 11, 2006. (*United States v. Thornton*, Case No. 06-4204 (4th Cir., Dec. 11, 2006) (ECF No. 110.) The petitioner took no further action until he filed the instant petition on February 3, 2012. (ECF No. 115.)

The petitioner asserts that paragraph 48 on page 11 of his Presentence Investigation Report stated that "based upon the current circumstances, Randy Thornton, this Defendant, does not have the ability to pay a fine." (ECF No. 115 at 1.) Nevertheless, the District Court imposed a $5,000 fine, and directed that it be paid out of prison earnings while the petitioner was incarcerated. (Sentencing Transcript, Vol. II, ECF No. 104, at 393-394.) The petitioner's counsel objected to the amount of the fine, stating as follows:

> MR. LANCASTER: Your Honor, we would object to the imposition of that amount of a fine. That amount roughly over the twenty-two years is a little over 400 dollars a year, and I think the average inmate through the Bureau of Prisons makes a total of 12 dollars a month in the average job, and would not be something which he would be able to pay; and given the length of time that he will be incarcerated, if he is released from prison prior to passing away, I doubt that he will be able to afford a $100 a month payment based -- at that point in time he will probably be on some type of Social Security, and given the lack of input into the Social Security system for the benefit that he would be paid, he will not likely be able to afford $100 payment per month, if he is released on supervised release.
>
> THE COURT: The Court has fixed the fine in such a way that he will pay as best he can during the time he is in prison and when he is released on supervised release, if it is not paid by that time, and it well may not be, he will then pick up at a rate of $100 a month. The Court adheres to that sentence, finding it reasonable.

(*Id.* at 394.)

The defendant's Judgment states in pertinent part:

> The $200 special assessment shall be paid from prison earnings at the rate of $25 per month commencing on May 1, 2006, with payment due on the first day of each month thereafter until paid in full. Once the special assessment has been paid, payments shall begin on the $5,000 fine at the rate of $25 per month paid from prison earnings. Beginning two months after the term of supervised release herein imposed commences, any remaining fine balance shall be paid at the rate of $100 per month, with payment due on the first day of each month until paid in full.

(ECF No. 88 at 6.) As of March 13, 2012, the petitioner has paid $6.19 toward his special assessment (received on February 21, 2006 and August 23, 2006) and $25.00 toward his fine (received on January 10, 2012).

Title 18, Section 3572(d)(3) provides as follows:

> A judgment of a fine which permits payments in installments shall include a requirement that the defendant will notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine. Upon receipt of such notice the court may, on its own motion, or the motion of any party, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

18 U.S.C. § 3572(d)(3). The petitioner may request that the presiding District Judge in his criminal case review his ordered installment payments under this statute.

Otherwise, the petitioner is not challenging his criminal judgment, and he certainly has not established any basis for his release from custody. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the petitioner has not established any basis for a writ of coram nobis or any other relief under 28 U.S.C. § 1651, the All Writs Act. Therefore, it is respectfully **RECOMMENDED** that the defendant's Petition for a Writ of Coram Nobis under 28 U.S.C. § 1651 (ECF No. 115) be **DENIED** in both cases and that the civil action be dismissed.

The movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the movant shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed

Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the movant and to transmit a copy to counsel for the United States of America.

March 13, 2012

Mary E. Stanley
United States Magistrate Judge